IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NANCY R. BONDURANT,<br><br>        Plaintiff,<br><br>  vs.<br><br>PETER KENJI KUBOTA, *Individually and Acting in his Official Capacity as Judge of the Third Circuit Court, Hilo, Hawaii*,<br><br>        Defendant. | Case No. 23-cv-00604-DKW-WRP<br><br>**ORDER GRANTING KUBOTA'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |

In an undisguised effort to, among other things, overturn the adverse result of a State civil proceeding, Plaintiff Nancy Bondurant, proceeding without counsel, filed this action against Defendant Peter Kenji Kubota—the judge presiding over said State civil proceeding. Kubota now moves to dismiss the Complaint, arguing that it is barred by the *Rooker-Feldman*[1] doctrine and various principles of immunity. Kubota is certainly correct. Specifically, to the extent Bondurant seeks to overturn or otherwise impugn any order or judgment entered in the State civil proceeding, her claims are barred by the *Rooker-Feldman* doctrine. To the extent Bondurant seeks imposition of monetary damages against Kubota while not seeking

---

[1] *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

to overturn any part of the State civil proceeding, her claims are barred by Eleventh Amendment immunity, where directed at Kubota in his official capacity, and by judicial immunity, where directed at Kubota in his personal capacity.  Therefore, for the reasons more fully set forth below, the motion to dismiss, Dkt. No. 14, is GRANTED.  Further, because the above-mentioned deficiencies cannot be cured by amendment, dismissal is WITHOUT LEAVE TO AMEND.

## BACKGROUND

On December 15, 2023, Bondurant filed the Complaint, alleging various improprieties arising out of Case No. 3CCV18-1-0222—a State civil proceeding that appears to have involved Bondurant and a homeowners' association relating to real property Bondurant owns in Ocean View, Hawaii.  Dkt. No. 1.  Kubota is the State judicial officer who presided over the State proceeding, and his alleged actions in that proceeding are the foci of the Complaint.  Liberally construed, Bondurant asserts the following claims against Kubota: (1) denial of due process because Kubota was not a "fair, unbiased or impartial judge"; (2) because Kubota denied due process, he lacked subject matter jurisdiction over the State proceeding, rendering any judgment therein void; (3) "bias" against pro se litigants, such as Bondurant; (4) "continu[ing]" deprivation of Bondurant's real property because of an apparent understanding that the State proceeding continues; and (5) damages resulting from

Kubota's "final order".[2]   In the Complaint's "prayer for relief", Bondurant seeks declarations that, in the State proceeding, Kubota violated her constitutional rights, Kubota "failed to ascertain the facts and apply the law", and Kubota's actions constituted "error[s] of law" and were "based on his personal bias[.]"   Bondurant further seeks to have the judgment entered in the State proceeding declared "null and void", remove a lien on Bondurant's property, dismiss a claim asserted against her in the State proceeding, collect damages in the amount of $100 per day from December 23, 2020,[3] and recover punitive damages.

On February 20, 2024, Kubota moved to dismiss the Complaint, arguing that Bondurant's claims are barred by the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, and judicial immunity.   Dkt. No. 14-1.   On March 8, 2024, Bondurant filed an opposition to the motion to dismiss, Dkt. No. 17, and on March 15, 2024, Kubota filed a reply, Dkt. No. 19.

This Order now follows.

---

[2]Bondurant asserts two claims of damages—Claims 5 and 6—in the Complaint.   The former appears to concern damages that Kubota awarded against Bondurant in the State proceeding, while the latter appears to concern "emotional distress" Bondurant has suffered as a result of the State proceeding.
[3]December 23, 2020 appears to be the alleged date that the homeowners' association brought a claim against Bondurant in the State proceeding.   Dkt. No. 1 at ¶ 13.

## STANDARDS OF REVIEW

### I. Federal Rule of Civil Procedure 12(b)(1)

"The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)).  A challenge to the Court's subject matter jurisdiction is brought under Federal Rule of Civil Procedure 12(b)(1). *See* Fed.R.Civ.P. 12(b)(1) (concerning lack of subject matter jurisdiction); *see also Murray v. Dep't of Consumer & Bus. Services*, 2010 WL 3604657, at *9 n.4 (D.Or. Aug. 12, 2010) (applying Rule 12(b)(1) principles to a *Rooker-Feldman* argument).

When presented with an argument under Rule 12(b)(1), "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  Where the court considers evidence outside the pleadings for this purpose, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Id*.

## II. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-887 (9th Cir. 2018) (quotation omitted).

## III. Pro Se Status

Because Bondurant is proceeding without counsel, the Court liberally construes the Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to

amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). A court, however, may deny leave to amend where, *inter alia*, further amendment would be futile. *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## DISCUSSION

The Ninth Circuit Court of Appeals has described the *Rooker-Feldman* doctrine as follows:

> *Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments: If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). "Essentially, the doctrine bars state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced from asking district courts to review and reject those judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quotation omitted).

Here, the Complaint is as clear as a cloudless day that it seeks to have this Court review and reject rulings, orders, and/or judgments entered in the State proceeding. The "prayer for relief" states as much. Moreover, the Complaint is solely targeted at the judicial officer who presided over the State proceeding for actions he allegedly took during that proceeding. For example, in Claims 1 and 3, Bondurant alleges that Kubota's actions and rulings during the State action denied her due process and/or amount to bias against pro se litigants. In Claim 2, Bondurant asserts that, due to the alleged denial of her right to due process, the judgment in the State action is "null and void." In Claim 5, Bondurant complains of damages Kubota awarded against her in the State proceeding. None of this is permissible under *Rooker-Feldman* because it clearly constitutes a state court loser, Bondurant, complaining of injuries caused by Kubota's entry of a State court judgment before this action was commenced.

Bondurant also seeks monetary damages, bringing her claims against Kubota in both his official and personal capacities. To the extent Bondurant brings this and other claims for purposes other than to appeal or impugn the orders and judgment of the State proceeding, these claims are still barred by principles of immunity. First, with respect to official capacity claims against Kubota, as a State judicial officer, any such claim is barred by Eleventh Amendment immunity because it is considered

7

a claim against the State itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Second, with respect to personal or individual capacity claims against Kubota, again, as a State *judicial* officer, whose challenged conduct entirely concerns actions he allegedly took in presiding over the State proceeding, any such claim is barred by judicial immunity. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (explaining that courts have "long recognized judicial immunity , a sweeping form of immunity for acts performed by judges that relate to the judicial process.") (quotations omitted).

    This leaves the issue of amendment. As stated earlier, leave to amend should not be allowed when amendment would be futile. That is precisely the situation here. Regardless of the specific claims asserted, Bondurant seeks two things: to have this Court overturn the State court judgment in the proceeding she lost and to exact a pound of flesh from the State judicial officer she blames for ruling against her. Neither is permissible for the reasons explained above, and, as a result, the Court declines to allow Bondurant leave to amend. Dismissal is without prejudice as to Bondurant's claims barred under *Rooker-Feldman*, and with prejudice as to all other claims. *See Albrecht v. Demuniz*, 315 F. App'x 654, 654 (9th Cir. 2009) ("Dismissals under the *Rooker-Feldman* doctrine … are dismissals for lack of

subject matter jurisdiction, and thus should be without prejudice.") (citations omitted).

## CONCLUSION

For the reasons set forth herein, the motion to dismiss, Dkt. No. 14, is GRANTED, and the Complaint, Dkt. No. 1, is DISMISSED WITHOUT LEAVE TO AMEND.   The Clerk is instructed to enter Judgment in favor of Kubota pursuant to this Order.

    IT IS SO ORDERED.

    DATED: March 28, 2024 at Honolulu, Hawaiʻi.

_____
Derrick K. Watson
Chief United States District Judge